**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CHELSEA MAYOR,                                    CASE NO. _____

        Plaintiff,

v.

INTERMIX, THE GAP, INC.,

        Defendants.

_____/

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Intermix Holdco, Inc. (sued as "Intermix") and The Gap, Inc. ("Gap") hereby give notice of the removal of this action to the United States District Court for the Southern District of Florida, Miami Division, and, in support of their Notice, state as follows.

### 1.    State Court Action

Plaintiff Chelsea Mayor initiated an action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *Chelsea Mayor v. Intermix, The Gap, Inc.*, and designated Case Number 2021-026177-CA-01.  Plaintiff filed her Complaint on December 2, 2021.  True and correct copies of Plaintiff's Complaint and the rest of the state court file are attached as Exhibit 1.

### 2.    Status of Service of Process

Plaintiff has represented to Defendants that copies of the Summons and Complaint were served on Intermix on December 10, 2021.  Gap has not been served with process.  After Plaintiff represented to Defendants that process was served on Intermix, Gap conveyed to Plaintiff that it is willing to sign a waiver of service.  But Plaintiff has not yet sent Gap the waiver for Gap's

signature.  *See* Fla. R. Civ. P. 1.070(i) (stating that the procedure for waiver of service is that plaintiff mails to defendant a notice and request for waiver of service, and defendant must timely return the waiver).

### 3.      Nature of the Action

In her Complaint, Plaintiff asserts six causes of action relating to her employment with Intermix: national origin discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA"); retaliation claims under Title VII and the FCRA; and hostile work environment claims under Title VII and the FCRA.  *See* Ex. 1, Compl. ¶¶ 40-100.

Plaintiff seeks, among other relief, back pay and benefits; "compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life"; reinstatement or, "in lieu of reinstatement, … front pay"; punitive damages; and attorneys' fees and costs.  *Id.* at 7-12, 14-18.

### 4.      Removal of State Court Action

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

As demonstrated in Sections 5, 6, and 7 below, this action is removable under 28 U.S.C. § 1441(a) because the district court has original jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331 (federal question jurisdiction); and supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367, and, alternatively, original jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1332 (diversity jurisdiction).  In addition, venue is proper in the

Miami Division of the Southern District of Florida, as demonstrated in Section 8 below. Finally, this Notice of Removal is filed in a timely manner, as demonstrated in Section 9 below.

### 5.   Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts three causes of action arising under Title VII, a law of the United States. *See* 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under [Title VII]."). The fact that federal and state courts have "concurrent jurisdiction does not deprive [Defendants] of the right to remove the case to federal court." *Lockhart v. Bio-Med. Applications of Ala., Inc.*, No. 18-951, 2019 WL 122992, at *1 (M.D. Ala. Jan. 7, 2019). Because this action raises a federal question, removal is proper.

### 6.   Supplemental Jurisdiction

Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, in addition to filing Title VII claims for national origin discrimination, retaliation, and hostile work environment, Plaintiff filed overlapping FCRA claims for national origin discrimination, retaliation, and hostile work environment. *Compare* Ex. 1, Compl. ¶¶ 40-69, *with id.* ¶¶ 70-100. Therefore, Plaintiff's federal and state claims "form part of the same case or controversy," and this Court has supplemental jurisdiction over Plaintiff's state claims. 28 U.S.C. § 1367(a).

**7.** **Diversity Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  28 U.S.C. § 1332(a).

**a.** **Diversity of Citizenship**

For there to be diversity of citizenship, "no plaintiff may be a citizen of the same state as any of the defendants."  *Knorr v. Standard Fire Ins. Co.*, No. 20-1813, 2020 WL 5229406, at *2 (M.D. Fla. Sept. 2, 2020).

Plaintiff is a Florida citizen.  *See* Ex. 1, Compl. ¶ 5 ("Plaintiff at all times pertinent to this complaint resided within Miami[,] Florida.").

Further, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Defendants were incorporated in Delaware.  Ex. 2, Geerhart Decl. ¶¶ 5-6.  Intermix's headquarters, where its officers direct its activities, are located in New York.  *Id.* ¶ 7.  Gap's headquarters, where its officers direct its activities, are located in California.  *Id.* ¶ 8.  Therefore, Intermix is a citizen of Delaware and New York, and Gap is a citizen of Delaware and California.  Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

4

### b.      Amount in Controversy

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show … by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id.* at 770.  "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

The amount in controversy is determined by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial.  *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction); *see also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.").

While Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking damages exceeding $75,000.  Plaintiff seeks, *inter alia*, (a) back pay; (b) front pay; (c) compensatory damages for mental anguish; (d) punitive damages; and (e) attorneys' fees.   The FCRA makes available "affirmative relief from the effects of the [discriminatory] practice, including back pay"; "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries"; punitive damages; and reasonable attorneys' fees.  Fla. Stat. § 760.11(5); *see also Wineberger v. Racetrac Petroleum, Inc.*, No. 14-653, 2015 WL 225760, at *3-4 (M.D. Fla. Jan. 16, 2015) (holding that jurisdictional amount was satisfied in FCRA discrimination case based on back pay, front pay, compensatory damages, punitive damages, and attorneys' fees); *Logsdon v. Duron, Inc.*, No. 05-243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2005) (holding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay").  The FCRA caps only punitive damages, which "shall not exceed $100,000."  Fla. Stat. § 760.11(5).

First, Plaintiff's back pay can exceed $75,000.   During her Intermix employment (November 17, 2019 to February 2, 2021), Plaintiff earned an average of $1,094.78 per week. Geerhart Decl. ¶¶ 9, 10.  Applying this average, in the 48.86 weeks from Ms. Mayor's February 2, 2021 termination to January 10, 2022, her pay would have been approximately $53,490.95. Furthermore, "back pay may be calculated through the estimated date of trial."  *Gonzalez v. Honeywell Int'l, Inc.*, No: 16-3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017).  Here, a conservative estimate of a reasonable trial date is one year from removal.  *See Wineberger*, 2015 WL 225760, at *3 & n.3 (stating that FCRA discrimination case was a type of case that "will likely

proceed to trial within one to two years after the filing of the complaint"); S.D. Fla. L.R. 16.1(a)(2)(B) (stating that, in a standard track case, "discovery shall be completed within 180 to 269 days from the date of the Scheduling Order"); Fed. R. Civ. P. 16(b)(2) (stating that a scheduling order must be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared").  One more year (*i.e.*, 52 weeks) of back pay would add approximately $56,928.56 to the amount in controversy, bringing the potential back pay to approximately $110,419.51.

Second, "it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case."  *Gonzalez*, 2017 WL 164358, at *2.[1]  One year of front pay could amount to approximately $56,928.56.

Third, Plaintiff seeks compensatory damages for emotional distress.  Courts often find that where litigants, like Plaintiff here, seek compensatory damages for personal suffering, the minimum amount in controversy exists.  *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (holding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain").  The FCRA does not limit compensatory damages.  Therefore, although Defendant denies that Plaintiff is entitled to any relief at all, the compensatory damages she seeks help to satisfy the amount in controversy requirement for diversity jurisdiction.

Fourth, the punitive damages Plaintiff requests must be considered when determining the amount in controversy.  *See, e.g.*, *Saadi v. Maroun*, No. 07-1976, 2009 WL 3736121, at *1 (M.D.

---

[1] The *Gonzalez* court pointed out that the availability of reinstatement instead of front pay "does not discredit Defendant's amount in controversy calculation" because "[r]einstatement is a form of equitable relief," and, "[f]or purposes of calculating the amount in controversy, the value of this relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Gonzalez*, 2017 WL 164358, at *2 n.2 (internal quotation marks omitted).  The court concluded that the front pay calculation was "conservative" "[b]ecause the monetary value of reinstatement would likely equal or exceed that of a year's worth of front pay."  *Id.*

Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)).  Although Defendant specifically denies that Plaintiff would be entitled to recover any punitive damages, up to $100,000 in punitive damages are available under the FCRA.  *See* Fla. Stat. § 760.11(5).  This amount suffices to satisfy the amount in controversy requirement.  *See Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that court had jurisdiction because plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

And fifth, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).  The FCRA provides a statutory basis for recovery of reasonable attorneys' fees.  *See* Fla. Stat. § 760.11(5).  Accordingly, Plaintiff's request for attorneys' fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In sum, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of a different state than either Defendant, the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendants may remove this case to this Court under 28 U.S.C. § 1441(a).

**8.    Venue**

The state court case was brought in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  Therefore, the Southern District of Florida is the federal district court to which this case must be removed, and the Miami Division is the proper division to which this case must be removed.  *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed … to the district court of the United States for the district and division embracing the

place where such action is pending") & 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ….").

9.      **Timeliness of Notice of Removal**

Under 28 U.S.C. § 1446(b), this removal is timely because thirty days have not elapsed since, according to Plaintiff, Intermix was served with process, and because Plaintiff has not served Gap and has yet to present Gap with a waiver form for its signature.

10.     **State Court Pleadings**

Under 28 U.S.C. § 1446(a), with this Notice, Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal as Exhibit 1. Further, under 28 U.S.C. § 1446(d), Defendants filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as Exhibit 3.

Dated this 7th day of January 2022.          Respectfully submitted,

*/s/Joseph D. Magrisso*
Joseph D. Magrisso
Florida Bar No. 105352
Email: joseph.magrisso@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Telephone: 305.415.3000
eFacsimile: 305.415.3001

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Joseph D. Magrisso
Joseph D. Magrisso

## SERVICE LIST

Jason Tenenbaum, Esq.
The Tenenbaum Law Group, PLLC
1600 Ponce De Leon Boulevard, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 402-9529
Email: Jason@tenenbaumlawgroup.com

*Counsel for Plaintiff*

10